Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 493 | **DATE** | 6/5/2002 |
| **CASE TITLE** | Cobra Capital, LLC vs. RF Nitro Communications | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] The Memorandum Opinion and Order of 5/28/02 is vacated. Enter amended Memorandum Opinion and Order.
(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUN 0 7 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 16 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| OR6 | courtroom deputy's initials | 02 JUN -6 PM 4:11 | date mailed notice | |
| | | Date/time received in Central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

**DOCKETED**
**JUN 0 7 2002**

| COBRA CAPITAL, LLC, | ) |
|---|---|
| Plaintiff, | ) ) ) ) |
| v. | ) Case No. 02 C 0493 |
| RF NITRO COMMUNICATIONS, INC. n/k/a RF MICRO DEVICES, INC., and RF MICRO DEVICES, INC., | ) ) ) ) ) |
| Defendants. | ) |

## AMENDED
## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

A North Carolina company seeking to buy equipment from vendors in North Carolina and Maryland contacted a broker in California about arranging financing; the California broker turned to another broker in Connecticut who ultimately brought in a financing company in Illinois. The Illinois financing company initially went through the California broker to arrange a deal with the North Carolina company and then later negotiated with the North Carolina company directly. The question presented today is whether this chain of events is enough to justify exercising personal jurisdiction over the North Carolina company in Illinois. We find that it is not.

### Facts & Procedural History

RF Nitro Communications, a company that no longer exists but that used to be based in Charlotte, North Carolina, decided to buy some equipment from vendors located in Maryland and North Carolina. RF Nitro decided to finance the equipment acquisitions and, to that end,

contacted a broker in San Diego, California, who then went through another broker in Connecticut, who ultimately brought in Cobra Capital LLC. Cobra is a Delaware limited liability company with its principal place of business in Oak Brook, Illinois. Cobra sent a lease proposal to the San Diego broker with the intent that the broker would then forward the proposal to RF Nitro in North Carolina. After that, Cobra and RF Nitro negotiated the arrangements directly through telephone conversations, emails, letters and facsimiles between Oak Brook and North Carolina. At some point during the negotiation process, RF Nitro was purchased by RF Micro Devices, Inc., a North Carolina corporation with its principal place of business in Greensboro, North Carolina. Some time after the merger, Cobra's contact at RF Nitro told Cobra that the deal was off. There is some question as to whether the deal had produced a finalized, valid contract, or whether the negotiations were terminated before that point.

Cobra sued RF Nitro and RF Micro in Illinois state court, alleging breach of contract against RF Nitro and tortious interference with contract against RF Micro. The defendants removed the action to this Court. They now seek dismissal of the complaint for lack of personal jurisdiction; alternatively, defendants ask the Court to transfer the case under 28 U.S.C. §1404(a) to the Middle District of North Carolina.

## Discussion

As the plaintiff, Cobra has the burden of demonstrating the existence of personal jurisdiction. *See RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997) (citing *McIlwee v. ADM Industries, Inc.*, 17 F.3d 222, 223 (7th Cir. 1994)). This Court has personal jurisdiction over diversity claims to the extent that an Illinois court would have personal jurisdiction. *Michael J. Neuman & Associates, Ltd. v. Florabelle Flowers, Inc.*, 15 F.3d 721, 724

2

(7th Cir. 1994). Under Illinois law, personal jurisdiction exists based on certain enumerated bases, such as doing business in the state, 735 ILCS 5/2-209(a)(1), as well as "any other basis" permitted under the United States Constitution. *Id.* 5/2-209(c). The Constitution permits personal jurisdiction over nonresident individuals and corporations only when the defendant has had "certain minimum contacts with [the state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). "What that standard means in a particular case depends on whether the state asserts 'general' or 'specific' jurisdiction." *RAR*, 107 F.3d at 1277. General jurisdiction is permitted only where the defendant has "continuous and systematic general business contacts" with the forum state; specific jurisdiction means that the plaintiff's claims "arise[] out of or relate[] to the defendant's contacts with the forum." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 nn.8-9, 416 (1984).

Cobra argues that both general and specific jurisdiction exist here with respect to RF Nitro. First, Cobra argues that general jurisdiction exists because RF Nitro's largest distributor is located in Illinois. Even if true, this would not be enough, by itself, to show "continuous and systematic" contacts here. The distributor also has facilities in other states, and Cobra has offered nothing to show that RF Nitro actually conducted business with the distributor *in Illinois*. Cobra also argues that specific jurisdiction exists based on the contacts RF Nitro had with Illinois during the course of the lease negotiations. "Crucial to the minimum contacts analysis is a showing that the defendant 'should reasonably anticipate being haled into court [in the forum state].'" *RAR*, 107 F.3d at 1277 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S.

3

286, 297 (1980)). Based on the contacts Cobra has shown – mailing a business plan, sending a facsimile, sending an email, and placing two telephone calls – RF Nitro should not have reasonably anticipated being haled into court in Illinois. Had someone from RF Nitro actually come to Illinois to negotiate the deal, that visit, coupled with the phone calls, facsimile and email, may have been enough to satisfy constitutional concerns. *See, e.g., Nucor v. Aceros Y Maquilas De Occidente*, 28 F.3d 572, 580-81 (7th Cir. 1994) (finding specific jurisdiction based on defendant's participation in substantial preliminary negotiations conducted *in the forum state*) (emphasis added); *Neiman v. Rudolf Wolff & Co. Ltd.*, 619 F.2d 1189, 1193-94 (7th Cir. 1980) (finding specific jurisdiction where, after extensive negotiations by telephone, the defendant actually traveled to Illinois for a meeting, which constituted the bulk of the parties' negotiations about the terms of their deal). But Cobra has not alleged that anyone from RF Nitro actually set foot in the state in connection with the deal. Additionally, Cobra initiated the relationship and started the ball rolling by sending its proposal to the San Diego broker to forward to RF Nitro. Under these circumstances, we cannot say that RF Nitro's efforts were "purposefully directed" toward residents of this state or purposefully established minimum contacts here. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-78 (1985) (specific jurisdiction may exist even in the absence of physical contacts in a forum state, but only if the defendant's efforts are "purposefully directed" toward residents of that state; an individual's contract with an out-of-state party does not, by itself, establish the requisite minimum contacts). Accordingly, we find that specific jurisdiction over RF Nitro is lacking.

Cobra contends that jurisdiction over RF Micro exists for two reasons. First, Cobra argues that RF Nitro's contacts may be imputed to RF Micro. But given our analysis above, that

argument gets Cobra nowhere. Cobra also argues that jurisdiction exists under Illinois' long-arm statute, 735 ILCS 5/2-209(a)(2), because RF Micro committed "a tortious act within the State" – namely the tortious interference with the lease deal between Cobra and RF Nitro. But the sole basis for this argument appears to be that the loss sustained as a result of that alleged tort was felt by Cobra here in Illinois, and this is not enough to confer jurisdiction. *See, e.g., Lifeway Foods, Inc. v. Fresh Made, Inc.*, 940 F. Supp. 1316, 1319 (N.D. Ill. 1996) (an Illinois court does not acquire jurisdiction simply because the "last act" of the tort is an economic loss felt in Illinois).

## Conclusion

Because personal jurisdiction of defendants is lacking, dismissal of the complaint would be appropriate. However, in lieu of dismissal, the law permits the Court to transfer the case to a district where the case could have been brought. *See* 28 U.S.C. §1406(a); *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962); *Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986) (the court may transfer case under §1406(a) even if personal jurisdiction does not exist in the transferor forum). The Middle District of North Carolina is such a district. The Court therefore denies as moot defendants' motion to dismiss [Docket # 6-1] and grants defendants' motion to transfer [Docket # 6-2]. Pursuant to 28 U.S.C. §1406(a), the Clerk is directed to transmit the records and files of this case to the Middle District of North Carolina.

Dated: June 5, 2002

_____
MATTHEW F. KENNELLY
United States District Judge